UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:11CV-568-JHM

NEIL S. CRANE, GEMMA LEE
CRANE, and JASON LEE CRANE                                              PLAINTIFFS

VS.

UNITED STATES OF AMERICA                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant United States of America's Renewed Motion for Summary Judgment [DN 66]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

This case arises out of the alleged failure to properly diagnose and treat Plaintiff Neil Crane for the disease of leishmaniasis by the Defendant United States of America. Defendant previously moved for summary judgment in this case, and at that time, the Court denied Defendant's motion in order to allow Plaintiffs "an opportunity to discover whether Dr. Mahmood holds the opinions they hope he does and whether he formed those opinions as a necessary part of his treatment of them." [Order, DN 44, at 3]. The Court indicated at that time the Plaintiffs' case would be dismissed if at the close of discovery, they could not provide such evidence. Discovery is now closed and Defendant moves for summary judgment again based on Plaintiffs' inability to produce such testimony or evidence from Dr. Mahmood or from any other expert.

### II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

### III. ANALYSIS

Plaintiffs' suit against the United States of America arises from the exclusive remedy under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(a). The United States' liability under the FTCA is determined by the law of the place where the alleged tort occurred. 28 U.S.C. § 1364(b). Claims under the FTCA involve a two-step analysis. Premo v. United States, 599 F.3d 540, 545 (6th Cir. 2010). "'First, the district court applies local law to determine liability and to assess damages. Second, federal law is invoked to bar proscribed recoveries, such as punitive

damages.'" Palmer v. United States, 146 F.3d 361, 366 (6th Cir. 1998) (quoting Kirchgessner v. United States, 958 F.2d 158, 159 (6th Cir. 1992)). Thus, liability under the FTCA is usually determined by referencing state law, see Premo, 599 F.3d at 545, in this case, Kentucky law.

"It is well established that in a medical malpractice case, the burden of proof is upon the plaintiff to establish the negligence of a physician by medical or expert testimony." Nalley v. Banis, 240 S.W.3d 658, 660-61 (Ky. Ct. App. 2007) (citing Morris v. Hoffman, 551 S.W.2d 8, 9 (Ky. Ct. App. 1977)). In establishing a case based on medical malpractice, Kentucky generally requires expert medical testimony "to show that the defendant medical provider failed to conform to the standard of care." Blankenship v. Collier, 302 S.W.3d 665, 670 (Ky. 2010) (citing Perkins v. Hausladen, 828 S.W.2d 652, 655-56 (Ky. 1992)).

The parties in this action do not appear to dispute the necessity of experts to opine about the standard of care and causation in this action. Plaintiffs identified two doctors, Drs. Ijaz Mahmood and John Van Arsdall, in which Plaintiffs believed, could provide opinions as to treatment and care of Neil Crane related to this medical malpractice action. Aside from Plaintiffs' expert disclosure narrative under Fed. R. Civ. 26(a)(2)(C), they have failed to identify any facts to suggest that the United States would be liable for the treatment of Neil Crane or any subsequent injuries to the other named individuals in this case. In fact, the Court denied Defendant's first motion for summary judgment after Plaintiffs stated in a filing with the Court that "[t]he discovery dispute pending in this case . . . can be easily remedied by the deposition for discovery purposes only of Dr. Mahmood which will be scheduled by Plaintiffs' counsel and paid for by Plaintiffs." [Resp. of Pls. to Def.'s Mtn. for Summ. J., DN 40, at 2]. At that time, the Court warned the Plaintiffs that failure to produce any evidence after the close of discovery would result in a grant of summary judgment in favor of Defendant.

The Plaintiffs have failed to take advantage of the opportunity to depose either Dr. Mahmood or Dr. Arsdall. The Plaintiffs have failed to produce *any* proof to allow this case to go forward. In contrast, Defendant took the opportunity to obtain a request for admission from Plaintiffs concerning the testimony Dr. Mahmood and an affidavit from Dr. Arsdall. As to the testimony of Dr. Mahmood, Plaintiffs admitted in Defendant's request for admission that Dr. Mahmood's medical records neither contained any opinions concerning the treatment of Neil Crane nor provided any information as to the possible spread of the disease to the other Plaintiffs in this action. Plaintiffs also admitted that Dr. Mahmood is not an expert in the diagnosis or treatment of leishmaniasis. In the affidavit signed by Dr. Arsdall, he stated that he has not formed any opinions as to the treatment of Neil Crane or reviewed records of any of the other medical providers.

Plaintiffs fail to provide any persuasive arguments against the Court granting summary judgment at this time. Plaintiffs cannot simply identify experts in a medical malpractice action without supporting testimony or evidence from the experts as to standard of care or causation. In the Order originally denying Defendant's summary judgment motion, the Court recounted the numerous opportunities afforded the Plaintiffs in this case to respond and supplement discovery. Because Plaintiffs have failed to identify expert testimony for their medical malpractice claim, the Court must grant summary judgment in favor of the Defendant.

## IV. CONCLUSION

For the foregoing reasons, Defendant United States of America's Motion for Summary Judgment is **GRANTED** [DN 66].

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 28, 2014